## John F. Balkwill et al. v. John Becker.

### Gen. No.12,974.

1. VARIANCE—*when ground for reversal.* A variance which was specifically pointed out upon the trial of a cause and which is vital, where not corrected by amendment, is ground for reversal.

2. ASSUMED RISK—*when promise to repair defect does not preclude operation of doctrine of.* After complaint and promise to repair, a servant has a right, relying upon the promise, to continue at his work for such a reasonable time as would be required to make the repair, but if the servant continues beyond such time, he assumes the risk of injury.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed January 21, 1907.

LACKNER, BUTZ & MILLER and W. G. SHOCKEY, for appellants.

EMERY S. WALKER and ROY C. MERRICK, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee was plaintiff and the appellants were defendants in the trial court, and will be so referred to here. The case was submitted to the jury on the first and second counts of the declaration, which are, in substance, as follows:

First count: February 2, 1903, defendants were operating a factory in the city of Chicago, for the manufacture of furniture, in which factory they operated certain machinery, and plaintiff was in their employ, his duty being to operate a shaping machine which was used in cutting, trimming and shaping certain wooden articles. Said machine was fitted with a metal platform and certain knives revolved in it on the platform, at a high rate of speed, by means of

vertical shafts which extended through the platform; and it was plaintiff's duty, in operating said machine, to place wooden articles on the platform, and with his hand bring and hold them in contact with the knives, in such manner that said articles would be properly shaped. It was the duty of defendants to keep said shaping machine in good and safe condition and repair, and the platform thereof level, even and smooth, so that plaintiff might safely use the same; but defendants negligently allowed said machine to be and remain in a bad and unsafe condition, and particularly said platform, at and about the places where said knives revolved, to be and remain rough, uneven and otherwise unsafe; and, by reason of the negligence of the defendants while plaintiff was operating said machine, a certain wooden article, held by plaintiff, slipped and moved on said rough and uneven platform, and plaintiff's right hand was thereby thrown against said revolving knives and three fingers were severed from his said hand, etc.

In the second count it is averred that said machine was fitted with a spring or clutch, for holding and securing in place articles placed on the platform of the machine to be shaped. It was plaintiff's duty to place certain wooden articles on said platform and, by the use of his hands, in connection with said spring or clutch, to bring and hold such articles in contact with the said knives in such manner that said articles would be properly shaped. And plaintiff "avers that the operation of said shaping machine, in the manner aforesaid, in shaping and trimming articles that could be secured and held by said spring or clutch, was the regular and ordinary duty of the plaintiff, and that the use and operation of said machine, without the use of said spring or clutch to hold and secure said articles, was attended with danger, by reason of the difficulty in properly securing and holding said articles upon said platform and in contact with said knives. And the plaintiff avers

that the defendants then and there had also an employe, one Fred Fisher, who was the foreman and master and director of said plaintiff, and had authority to command and order said plaintiff about the doing of his work for said defendants, and said foreman thereupon ordered said plaintiff to shape and trim upon said machine certain articles of wood, which, by reason of their size and form, could not be handled or manufactured upon said machine without removing said spring or clutch; that the plaintiff, thereupon, objected to operating said machine, without said clutch or spring, and protested to said foreman against being required to handle and attend to the shaping of said articles upon said machine, because of the fact that said articles could not be handled and manufactured thereon without exposing plaintiff to the hazard of bringing his hand in contact with said revolving knives.  And plaintiff avers that it then and there became and was the duty of the defendants, by and through their said foreman, not to require or direct said plaintiff to engage in said hazardous labor, and that said defendants, by and through their said foreman, had notice and knowledge of the dangers and hazards aforesaid; but said defendants, not regarding their duty in that behalf, by and through their said foreman, thereupon ordered the plaintiff to shape and trim said articles on said machine, and assured plaintiff that he would be exposed to no greater danger, in operating said machine upon said kind of articles, and without said spring or clutch, than existed when he, the plaintiff, used said machine in and about his ordinary work thereon, and used said spring or clutch to secure and hold the articles he was shaping or trimming as aforesaid.  And plaintiff says he had no knowledge of any peril or hazard so imminent and apparent as to deter him, in the exercise of reasonable and ordinary care, from obeying the command of said foreman, and performing said work as ordered by said foreman,

so acting as aforesaid in behalf of said defendants, and as the vice-principal of said *plaintiff;* and the plaintiff, relying upon said assurance and promise of said defendants' foreman, commenced trimming and shaping said articles upon said machine, from which said spring or clutch had necessarily been removed, in order that articles of said size and form might be handled on said platform; and, by reason of the aforesaid negligence, carelessness and improper conduct of the said defendants, by and through their said foreman, and while the plaintiff was then and there in the exercise of all due care and caution for his own safety, at all the times herein stated, and was so operating said machine, a certain article of wood held by plaintiff, and upon which he was then working at said machine, slipped suddenly upon said platform, and the right hand of the plaintiff was thereby thrown against the said revolving knives, and three fingers of said hand were severed," etc.

The defendants pleaded the general issue, the jury found for the plaintiff and assessed his damages at the sum of $1,500, and the court, after overruling defendants' motions for a new trial and in arrest of judgment, rendered judgment on the verdict.

The plaintiff, who was the principal witness for himself, testified that he did not take the spring off, and that it was on at the time of the accident.

Q. "Mr. Becker, I believe you said that the power was on—I mean that the clutch—the spring and clutch is the same thing, isn't it?" A. "Yes."

Q. "They are sometimes called spring and sometimes called clutch?" A. "Well, I never heard it called clutch—only spring."

Q. "We will call it spring then; that was on the machine at the time of the accident, was it?" A. "Yes."

Q. "Why didn't you take the spring off?"

A. "I thought in case she should go to work and get away from me, on account I got that warped top, perhaps she would protect me a little. That is why

I put the spring on; but she knocked the spring all to pieces and my hand along with it."

Patch and Fisher, two of defendants' witnesses, also testified that the spring was on. Fisher testified, "I saw the spring was tightened on the machine and the block in the front was broken." Defendants' counsel, at the close of the plaintiff's evidence, called the attention of the court to the variance, and counsel for the plaintiff, apparently recognizing that there was a variance, asked leave of the court, while the argument for a new trial was proceeding, to file an additional count, by way of amendment, which the court refused. The additional count, which the court refused leave to file, is in the record, and it contains no reference to the spring or clutch. The negligence charged in the second count is, that the foreman ordered the plaintiff to operate the machine without the spring, and it is averred that this negligence caused the accident; that plaintiff, while obeying the order, was injured. It was incumbent on plaintiff to prove the negligence charged, and also that such negligence was the proximate cause of the injury. His own testimony tends to prove the negligence charged; but his testimony, corroborated by two witnesses, is that he did not obey the order of the foreman, but disobeyed it, by using the spring in operating the machine; in other words, that the negligence charged was not the proximate or even a contributory cause of the accident. The variance is vital and fatal, and the verdict cannot be sustained under the second count.

Neither can the verdict be sustained under the first count. The plaintiff testified that, about ten weeks, or perhaps three months, before the accident, he complained to appellant Patch about the condition of the machine, and that Mr. Patch referred him to the foreman, who told him he would have it fixed. Plaintiff also testified that it would require only a day and a half, or two days, to fix the machine.

Joseph Yele, a witness called by plaintiff, testified that, about two months before the accident, he heard Becker, the plaintiff, and the foreman talking about having a new machine, and the foreman said he couldn't get a new machine, but would try to get that one fixed, and Becker said that would satisfy him; and about two weeks after that they had the same talk. In short, the evidence shows that, after the promise of the foreman to have the machine fixed, plaintiff continued to operate it two months, or longer, although the time required to fix it was, as he testified, only a day and a half or two days. The evidence shows clearly that the plaintiff was thoroughly acquainted with the condition of the machine, and that, if there was any risk in using it, he was aware of the risk. After complaining of the condition of the machine, and after the foreman's promise to repair it, he had the right, relying on that promise, to continue to operate the machine for such reasonable time as it would require to repair it; but if he continued to use it beyond the reasonable time required for its repair, he assumed the risk. Illinois Steel Co. v. Mann, 170 Ill. 200.

In the present case, the plaintiff being the witness, the reasonable time for repair was two days at the farthest. The first count does not refer to the character or kind of the pieces of wood which the plaintiff, at the time of the accident, was engaged in shaping on the machine.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*